IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Harold Williams, ) | |
| ) | No. 4:12-cv-138-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Cecilia R. Reynolds, Tanya Huntley, ) | |
| Mark Stokes, Kristopher Sweet, ) | |
| Ofc. Channell, Ofc. Shumate, Ofc. Wright, ) | |
| and Allison McCaskill, individually and in ) | |
| their official capacity, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court grant Defendants' motion for summary judgment. (Dkt. No. 74). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

## Background

Plaintiff, proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights during his incarceration by the South Carolina Department of Corrections at the Kershaw Correctional Institution. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC, this case was automatically referred to a Magistrate Judge for pretrial proceedings. On December 13, 2012, Defendants filed a motion for summary judgment. (Dkt. No. 61). On February 8, 2013, Plaintiff filed a response in opposition to the motion. (Dkt. No. 71). The Magistrate Judge then issued an R&R recommending the Court grant Defendants' motion for summary judgment. (Dkt. No. 74). Plaintiff failed to file timely objections to the R&R.

1

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Discussion

After review of the record and the R&R, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R&R as the order of the Court. The Court agrees that Plaintiff has failed to create a genuine dispute of fact regarding whether Defendants used excessive force, were deliberately indifferent to a serious risk of harm, or retaliated against him while he was a prisoner at the Kershaw Correctional Institution. The Court therefore agrees that Defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

## Conclusion

As set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 74). Accordingly, the Court GRANTS Defendants' motion for summary judgment. (Dkt. No. 61).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

August 27, 2013
Charleston, South Carolina

3